REDMANN, Judge,
dissenting.
R.S. 23:1314 provides that
the question of whether or not such allegations ... of failure to render [the proper] medical attention ... is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved.
The statute thus provides against the patent unfairness of obliging an employer, already paying all due benefits and medical attention, to pay the legal fees and other expenses of trial of the basic disability claim that is already being paid. The statute tells this court that they must “determine” whether the required allegation “that the employee has not been furnished the proper medical attention” is “justified.”
This employer has already furnished over $30,000 of medical attention. It is unreasonable to conclude that plaintiff’s allegation of failure to provide medical attention is justified under our circumstances.
Unless plaintiff’s impotence was caused by the accident, the employer is not obliged to pay for its medical treatment. The record establishes that plaintiff sought medical help for less-than-total impotence a month before the accident; that plaintiff is a male diabetic; that his diabetes mellitus is not related to the accident; and that one of every two male diabetics is rendered totally impotent by his diabetes. Of the 50%-plus of male diabetics who do have impotence, it is far more probable than 50% as to any one of them that diabetes caused his impotence.[1] That establishes, as more probable than not, that plaintiff’s impotence is caused by his diabetes because diabetes explains both the prior, less-than-total impotence and its normal progress into total impotence, as occurs in half of. all male diabetics. No doctor ventures an opinion that it is more probable, or even equally probable, that the accident caused plaintiff’s total impotence. Thus plaintiff has not proved his allegation of failure to provide proper medical attention. Indeed, plaintiff concedes as much because his request is for $2,340 of tests that may (or may not!) help determine whether the cause of his impotence is this accident instead of the diabetes.
Proper appellate review obliges us to reverse the trial judge’s inference on causation that is not a permissible inference from the undisputed evidence in the record, Carter v. Avondale Shipyards, Inc., (La.1981):
Sufficiency of evidence is a question of law, not of fact. In civil eases the essential elements of the claim, including causation, must be proved by a preponderance of the evidence. The evidence is sufficient to constitute a preponderance when the proof, taken as a whole, establishes that the fact or causation sought to be proved is more probable than not. Boudreaux v. American Ins. Co., [262 La. 721,] 264 So.2d 621 (1972).
*1261 When, as here, there is no dispute in the evidence, the trial court does not truly perform a credibility function, and without resolving conflicts in proof the trial court simply determines as a matter of law whether the fact or causation at issue was shown to be more probable than not. On appellate review in such cases the manifest error rule is not applicable, since there was no determination of credibility or weighing of conflicting evidence by the trial court.3 The reviewing court simply applies the same “more probable than not” standard to the undisputed record evidence and determines as a matter of law whether the evidence is sufficient to constitute a preponderance.
3 [Footnote the supreme court’s] When there is conflicting evidence, great weight must be accorded to the trier of fact in the proper performance of factfinder’s function of weighing evidence and resolving conflicts. In such a case a reviewing court determines sufficiency by viewing the evidence in the light most favorable to the prevailing party and then determining whether the evidence, thus viewed, constitutes a preponderance.
The trial court should be reversed and suit for workers’ compensation benefits already being paid should be dismissed.

. Presumably a large portion of male diabetics are not impotent so that among those who are impotent (like plaintiff) the percentage whose impotence is caused by diabetes must be much greater, and probably on the order of 85%. To illustrate, the 50% testimony tells us that diabetes causes 50 of 100 male diabetics to become impotent. Presumably, among the other 50 of that 100, there may be a few who are impotent from other causes, but probably 40 or 45 are not impotent. Thus we would have a total of say 55 to 60 impotent, and diabetes caused 50 out of those 55 or 60. Thus the probability of any impotent male diabetic’s impotence’s being the result of his diabetes is 50 out of 55 or 60 or 83% to 91% (rather than 50 out of 100 or 50%).
The fact that our plaintiff suffered from partial impotence before his accident makes it even more probable that he is among those 83 to 91%, rather than among the small percentage who are impotent from such other causes as an accident.